Dear Chief Perkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to the proper procedure to deal with an employee who "has an uncontrollable anger problem and is under mental stress jeopardizing his or her ability to perform in their employment possibly being a danger to himself or others." You ask whether after medical help the problem still exists, can an elected Chief of Police "address the individual and possibly pressure or sternly advise the employee to file for a medical retirement to prevent a large problem in the future?"
It is our understanding the employee is under Civil Service, and in Atty. Gen. Op. 98-51 this office observed while the mayor may be the appointing authority of municipal employees "other than the employees of a police department with an elected chief of policer", R.S. 33:2537 provides in part that the Civil Service Board represents the public interest in matters of personnel administration, is to advise and assist the mayor and they are to conduct investigations and pass upon complaints by or against any officer or employee in the classified service.
Therein this office further observed as follows:
 Moreover, while R.S. 33:2560 provides that the tenure of persons in positions of classified service "shall be during good behavior" and the "appointing authority may remove any employee from the service or take such disciplinary action as circumstances warrant", the statute further provides that upon written request of any qualified elector the Board shall "make an investigation of the conduct and performance of any employee in the classified service, and thereupon, may render such judgment and order action to be taken by the appointing authority."
In regard to R.S. 33:2560 which as noted above provides that tenure of a person in classified service "shall be during good behavior", it lists situations which justify disciplinary action, and includes unwillingness or failure to perform the duties of his position in satisfactory manner, insubordination, development of any defect or physical condition which precludes properly performing the duties, "any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the fire and police service", and further provides as follows:
 Although it is incumbent upon the appointing authority to initiate corrective or disciplinary action, the board may, and shall upon the written request of any qualified elector of the state which sets out the reason therefor, make an investigation of the conduct and performance of any employee in the classified service and, thereupon, may render such judgment and order action to be taken by the appointing authority. Such action shall be taken forthwith by the appointing authority. (Emphasis added.)
Consequently, it appears that the proper body to investigate the conduct of police employees under civil service is the Civil Service Board whose directive is controlling. As observed in Atty. Gen. Op. 97-16, after investigation, if the evidence is conclusive, the Board may affirm the action of the appointing authority, but if it finds the action was not in good faith for cause, the Board shall order the immediate reinstatement from the position which he was removed, suspended, demoted or discharged.
Thus, while the appointment and dismissal of police personnel is vested in the Mayor and Board, this power is contingent upon recommendation of the elected Chief of Police, and in accordance with R.S. 33:2561 the Civil Service Board may affirm the action of the appointing authority.
However, if it finds the action was not in good faith for cause, it may order the immediate reinstatement and provide for regular pay from the time of removal, or may modify the order or removal, suspension, demotion or other disciplinary action. The decision of the Board, together with its written findings of fact, shall be certified in writing to the appointing authority and shall be enforced forth with by the appointing authority.
Accordingly, we would suggest you contact the Civil Service Board in regard to this matter, rather than as elected Chief of Police "address the individual and possibly pressure or sternly advise the employee to file for a medical retirement to prevent a large problem".
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: July 10, 2003